The opinion of the Court was delivered by
DuNKIN, Ch.
The solution of the inquiry presented by the defendant’s ground of appeal depends upon the character of the interest which his wife took under the deed of James McDaniel. It seems to he insisted that according to the rule in Shelley’s case she took a fee conditional in the realty; and that her interest in the personalty was absolute. This rule (which, it may be remarked, has no relation to personalty,) is, that where an estate of freehold is limited to a person, and the same instrument contains a limitation either mediate or imme *11 diate, to bis heirs, or the heirs of his body, the word heirs is a word of limitation, i. e., the ancestor takes the whole estate comprised in this term.(a) Thus if the limitation be to the heirs of his body he takes a fee tail, or fee conditional; if to his heirs general a fee simple. And this rule applies to equitable as well as to legal interests. So often has 'this rule been recognised in this State, and so well is it established, that in some of the cases it is called a rule of property rather than of construction. But a difficulty frequently arises in determining upon the application of the rule. Although it is well settled to apply to equitable as well as legal interests, yet it is equally well established that, in’order thus to coalesce, the estate of .the ancestor, and the limitation to the heirs, must be of the same quality, that is both legal or both equitable. “ Thus, it frequently happens that a testator devises land in trust for a person for life, and, after his death, in trust for the heirs of his body, but gives the trustees some office in regard to the tenant for life, that causes them to retain the legal estate during his life, but which, ceasing at his death, does not prevent the limitation to the heirs of the body from being executed in them. In such cases, by the rule thus stated, they, that is, the heirs, are purchasers.”(b) Let us apply these principles to the deed of McDaniel. It is recited in the deed, that Rosa Manning Payne was the wife of the defendant, Wesley Payne, and it is provided, that she shall enjoy the rents, &e., during her natural life, to her sole use. If the purposes of the deed, in any possible event, require that the legal estate should remain in the trustees, the use is not executed by the statute, but the legal estate remains in the trustees and the' interest of the cestui que us’e is merely equitable. Upon this principle it has been often decided that a trust to permit a feme coverte to receive the rents for her separtate use vests the estate in the trustees. See 2 Jarm. on Wills, 203, and the authorities there *12 cited.. The interest of Rosa Manning Payne was, therefore, merely equitable. The éstate remained in the trustees so long as it was necessary to secure the property to her separate use-But this necessity ceased at her death; and, in the language of the authority, “ did not prevent the limitation to the heirs of her body from being executed in them.” The use was executed in them and they took the legal estate. Their interest and that of their ancestor being, therefore, of different qualities, could not coalesce, and the rule in Shelley’s case is inapplicable. The heirs of the body took as purchasers, and not by limitation. Of course, the husband can take no interest in the realty under this description.
Then as to the interest of the husband in the slave and her issue. Neither the rule in Shelley’s case, nor the statute of uses, has any relation to personalty. The legal title is in the trustee. He held the slave for the wife’s separate use during her natural life, and at her death to be delivered to the heirs of her body absolutely. The defendant took, consequently, no interest either in the real or personal estate, and was properly excluded by the decretal order.
The appeal is dismissed.
JOHNSTON and Waudlaw, CC., concurred.

Appeal dismissed.

 2 Jarm. on "Wills, 242.

 2 Jarm. on Wills, 243.